■ PATRICIA J. JACKSON, Petitioner, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Determination unanimously confirmed, without costs. Memorandum: On March 3, 1972 petitioner instituted this proceeding before the State Division of Human Rights, charging New York Telephone Company, respondent, with unlawfully discriminating against her because of her sex, resulting in her demotion on two occasions and her eventual resignation from employment by the company. The Division conducted an investigation to determine whether there was reasonable cause to believe the charge, held a conference thereon on March 15, 1972 and received and reviewed extensive official records of respondent concerning the work record of petitioner and the actions by respondent in respect thereof and other evidence concerning respondent's hiring practices; and on May 26, 1972 determined that there was no probable cause for the charge and dismissed it. On appeal from that determination the State Human Rights Appeal Board affirmed that determination on January 15, 1973, by a two to one vote. The dissenting member of the Appeal Board wrote, " Although an examination of the record submitted would clearly indicate justification for firing or demotion, I do not believe in the face of the charges and countercharges, that the decision should have been rendered without the appellant having had an opportunity for rebuttal." In her petition to us for review and annulment of the determination by the Division, petitioner contends that the determination was not supported by substantial

evidence, that it was arbitrary and capricious and that she was denied due process of law by failure of the Division to grant her a formal hearing with opportunity to present witnesses and to cross-examine witnesses for respondent, and petitioner sets forth a great many alleged acts of respondent suggestive of discrimination. The only issue before the commission was whether respondent engaged in unlawful discrimination against petitioner by reason of her sex. The record of the investigation by the Division reveals overwhelming evidence of respondent's concern for petitioner, elevating her to the position of Sales Communication Consultant, she being the first woman ever to hold such position. The record further shows, however, that respondent had reasonable cause to find not only that petitioner failed to perform competently the duties of that position but also that she proved untrustworthy, absenting herself for short periods under false reports that she was on errands for company business, violating company rules respecting use of automobile, and submitting false expense accounts; that after she was warned on several occasions about these matters, she continued such conduct, and was demoted therefor in November, 1969 to Service Advisor; and that two years later for continued similar infractions, she was further demoted to telephone operator. The Division ascertained that during this same period at least one male was similarly treated, and that respondent employed several additional women as Sales Communication Consultants and employed 10 women as Service Advisors. Although, as suggested by the dissenting member of the Appeal Board, it would have been better practice for the Division to have conferred further with petitioner concerning the substantial information which it had gathered that her demotion was not the result of sex discrimination, we find no reason on this record to declare the procedure and determination of the Division arbitrary or capricious or an abuse of discretion, nor the action of the Appeal Board arbitrary, capricious or an abuse of discretion (Executive Law, § 297-a, subd. 7, par. e.). The many issues tendered by petitioner to us do not directly challenge the essential basis for respondents' action. Under these circumstances no hearing was required (Executive Law, § 297, subd. 2; *State Division of Human Rights* v. *Buffalo Auto Glass Co.*, 42 A D 2d 678). (Motion pursuant to section 298 of the Executive Law, to annul determination of Appeal Board.) Present — Del Vecchio, J. P., Marsh, Witmer, Simons and Henry, JJ.